UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN US DOLLARS, et al.,<br><br>Defendants. | Case No. 19-mc-80087-DMR<br><br>**ORDER DENYING CLAIMANTS' MOTION TO QUASH WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 1 |

Movants Lessia Shatlin and Katerina Duncan bring this motion to quash a subpoena issued by Respondent United States of America to the accounting firm of Goldberg Gluck & Brusilovsky LLP ("Goldberg Gluck"). [Docket No. 2 (Mot.).] For the reasons stated below, the motion is denied without prejudice to Movants' ability to refile in the proper court, which is the United States District Court for the District of Columbia ("D.C. District Court").

**I.     BACKGROUND**

This miscellaneous action relates to a civil forfeiture action pending before the D.C. District Court. ("D.C. Action"). *See United States of America v. All Assets Held at Bank Julius Baer & Co., Ltd., Guernsey Branch, Account Number 121128, in the Name of Pavlo Lazarenko, et al.*, 04-cv-798-PLF (D.D.C. 2004). Respondent filed the *in rem* action against the assets of Pavlo Ivanovich Lazarenko. Movants in this case are the adult daughters of Lazarenko, who are claimants in the D.C. Action.

Lazarenko served in various political positions in the Ukraine between 1992 and 1998, including as Prime Minister between May 1996 and July 1997. [Docket No. 3 (Horowitz Decl.),

Ex. 2 (FAC) ¶¶ 1-6.] Respondent alleged that, while in office, Lazarenko "exerted enormous influence over the economy and state institutions . . . and used that influence to amass a personal fortune of more than $300 million in United States dollars through the abuse of his official office." *Id.* ¶ 8. Together with various associates, Lazarenko allegedly acquired hundreds of millions of United States dollars "through a variety of acts of fraud, extortion, bribery, misappropriation, and/or embezzlement." *Id.* ¶ 10. In 2001, a grand jury in the United States District Court for the Northern District of California indicted Lazarenko for various federal crimes, including money laundering, wire fraud, and transportation of stolen property, among others. *Id.* ¶ 17. He was convicted on 29 counts of the indictment in 2005. *Id.* ¶ 18.

Movants filed a claim in the D.C. Action regarding assets valued at approximately $170 million. Opp. at 2. Specifically, they claim an interest in the funds held by a trust in Guernsey, which they refer to as the "Balford Trust." *Id.* Lazarenko's third adult child, Alexander,[1] is also a claimant to the trust but is not a Movant here. According to counsel for Lazarenko, the Balford Trust contained approximately $174 million in 2009. Horowitz Decl., Ex. 3 at 3. As claimants to the defendant *in rem* assets, Movants and Alexander asserted several affirmative defenses to forfeiture of the Balford Trust, including the innocent owner defense. Opp. at 2.

On January 19, 2018, the Honorable G. Michael Harvey, the discovery judge in the D.C. Action, entered an order limiting the scope of discovery with respect to Movants' claims and defenses. Horowitz Decl., Ex. 3 ("Discovery Order"). Specifically, Judge Harvey denied Respondent's request for discovery dating after 1999 insofar as the government sought discovery from that time period to challenge Movants and Alexander's purported ownership of the disputed assets or their innocent owner defense. *Id.* at 8 ("[Respondent's] post-1999 discovery is not relevant to [the A/E/L Claimants'][2] innocent owner defense because any ownership interest they may possess in the Balford Trust, as well as facts reasonably demonstrating the potential forfeitability of the funds in the Trust, occurred well prior to December 31, 1999."). However, Judge Harvey permitted

---

[1] Alexander Lazarenko is referred to in this order by his first name to distinguish him from Pavel Lazarenko.
[2] Movants and Alexander are collectively referred to as the "A/E/L Claimants" by Judge Harvey. Discovery Order at 1.

post-1999 discovery relevant to any claimant's standing with respect to the defendant *in rem* assets, which may include Movants' tax returns and Reports of Foreign Bank and Financial Accounts ("FBARs"). *Id.* at 17. Accordingly, the court authorized discovery of financial documents, including tax returns, "whether filed by or on behalf of the A/E/L Claimants or any legal entity in which the A/E/L Claimants have an interest, which evidence an interest in, reflect income from or traceable to, or mention the defendant *in rem* assets." *Id.* at 18.

On March 22, 2019, Respondent served a third-party subpoena on Goldberg Gluck, an accounting firm located at 950 Tower Lane, Suite 110, Foster City, CA 94404. Horowitz Decl., Ex. 1. The subpoena seeks financial information related to Lazarenko, his three adult children, and twelve companies "in which they appear to have an ownership interest." Opp. at 3; *see* Horowitz Decl., Ex. 1. Goldberg Gluck has not sought to quash the subpoena, and Respondent represents that the accounting firm is ready to produce responsive records. Opp. at 2.

On April 4, 2019, Movants filed this motion seeking to quash the Goldberg Gluck subpoena, arguing that it is procedurally defective and seeks documents outside the scope of Judge Harvey's discovery order. Respondent filed an opposition on April 18, 2019. [Docket No. 7 (Opp.).] Movants' reply was due by April 25, 2019. On May 7, 2019, Movants filed a late reply and a request to file an untimely reply. [Docket No. 9.] Movants raised several new issues in their reply, including whether this motion should be transferred to the D.C. District Court. The court struck the reply as untimely but ordered supplemental briefing from the parties on the issue of transferring the motion. [Docket No. 12.] The parties submitted a joint letter brief on May 16, 2019. [Docket No. 13 (Supp. Br.).]

## II.    DISCUSSION

Federal Rule of Civil Procedure 45 permits any party to issue a subpoena commanding a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena must issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). A motion to quash a subpoena must be brought before "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B). In cases where the court of compliance did not issue the subpoena, it may

"transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Here, the subpoena issued from the District of Columbia, where the underlying civil forfeiture case is pending. *See* Horowitz Decl., Ex. 1. The subpoena was served on Goldberg Gluck, an accounting firm located in Foster City, CA. *Id.* The subpoena explicitly directs Goldberg Gluck to comply at the United States Department of Justice address in Washington D.C. *Id.* Based on the facts appearing on the face of the subpoena, the D.C. District Court is both the issuing court and the court of compliance. As such, Rule 45 dictates that Movants should have filed this motion before the D.C. District Court. Fed. R. Civ. P. 45(d)(3)(A), (B) and 45(f).

Neither Movants nor Respondents directly address the fact that the D.C. District Court is both the issuing court and the court of compliance. This is particularly odd, given that Judge Harvey has already made rulings regarding the scope of discovery, including rulings about Movants' financial records and tax returns, which are some of the documents that are at issue in the present motion.

## III. CONCLUSION

For the reasons stated above, the motion to quash is denied without prejudice to Movants' ability to refile in the proper court. Respondent is ordered to immediately serve a copy of this order on Goldberg Gluck.

**IT IS SO ORDERED.**

Dated: June 5, 2019



_____
Donna M. Ryu
United States Magistrate Judge

4